# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TORPIN TOKPA, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br><br>DISCOVER FINANCIAL SERVICES, INC.<br><br>                      Defendant. | Case No.  4:20-cv-00144<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Torpin Tokpa ("Plaintiff" or "Mr. Tokpa"), individually, and on behalf of all others similarly situated, alleges the following on information and belief against Discover Financial Services, Inc. ("Discover" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" (ATDS) to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

1. This is a class action against Discover Financial Services, Inc. for its widespread, pervasive violations of the TCPA.

2. Discover called Mr. Tokpa's cellular telephone at least two times using an automatic telephone dialing system, including two calls on March 20, 2020, from telephone number (614) 758-2344.

3. Plaintiff is not a customer of Defendant, and has no prior relationship with Defendant.

4. Plaintiff never provided express written consent to be called by Defendant.

5. The unlawful calls placed to Plaintiff is part of Defendant's pattern of practice of calling consumers on their cellular telephones using an autodialer who have no direct relationship with Defendant, and are not the proper subjects of Defendant's calls.

6.  Defendant placed these calls with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

7.  Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

8.  By making these autodialed calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9.  Furthermore, Defendant made the calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

10. When Plaintiff answered Defendant's calls, he heard a momentary pause. This pause indicates that Defendant placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

11. Plaintiff did not give Defendant prior express written consent to make these calls.

12. Upon receiving the first call, Plaintiff informed Defendant that it had dialed the wrong number. Defendant nonetheless called Plaintiff again, and once again Plaintiff informed Defendant that it dialed the wrong number.

13. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS without their prior express written consent within the meaning of the TCPA.

## PARTIES

14. Plaintiff Torpin Tokpa is, and at all times mentioned herein was, a resident of Ottumwa, Iowa, and a citizen of the State of Iowa.

15. Defendant Discover Financial Services, Inc. is a Delaware corporation with a principle place of business at 2500 Lake Cook Road, Riverwoods, IL 60015.

16. Defendant conducts business throughout this District and the State of Iowa.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, inter alia, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

18. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

19. This Court has personal jurisdiction over Defendant because Defendant solicits consumers in this District, made and continues to make unwanted autodialed calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or occurred this District.

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The TCPA of 1991**

21. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

22. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

23. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . ".).

**B.     Defendant's Calls to Plaintiff and Class Members**

24.    Plaintiff has never been a customer of Defendant.

25.    Defendant called Plaintiff at least twice, including two calls on March 20, 2020 from telephone number (614) 758-2344, using an autodialer without Plaintiff's prior express written consent.  Plaintiff was not the intended recipient of the call.

26.    Defendant owns the telephone number (614) 758-2344.  In fact, when the number is dialed back, an automation answers which states: "Thank you for calling Discover . . .".

27.    Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers, *en masse*, in an automated fashion without human intervention.

28.    Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then-available callers and disconnecting the rest (all without human intervention).

29.    When Plaintiff answered Defendant's calls, he heard a momentary pause before someone started speaking to him.  This pause indicates that Defendant placed the calls at issue with a predictive dialer: equipment with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers without human intervention.

30.    Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular

telephone owners/users to make such calls, and routinely makes calls to consumers who are not the intended recipients of the calls.

31. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

32. Defendant knowingly made (and continues to make) autodialed and prerecorded solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

34. Plaintiff proposes the following Class definition:

> All persons within the United States who were not listed in Defendant's records as the intended recipient of a telephone call, and from four years prior to the filing of this action to the date that class notice is disseminated, received from or on behalf of Defendant one or more telephone calls on their cellular telephone.

35. Plaintiff represents, and is a member of, this proposed Cass.  Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

36. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

37. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

38. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. The proposed class can be identified easily through records maintained by Defendant.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members using an autodialer without their prior express written consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

41. Plaintiff asserts claims that are typical of each member of the class because he is a person who received at least one call on his cellular telephone using an autodialer without his prior express written consent.

42. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

43. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

44. A class action is the superior method for the fair and efficient adjudication of this controversy.

45. Class-wide relief is essential to compel Defendant to comply with the TCPA.

46. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

47. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

48. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

49. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq*.**

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C.§ 227(b)(3)(C).

53. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

54. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq*.

55. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

59. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  May 7, 2020                                Respectfully submitted,

**LAREW LAW OFFICE**

By:    /s/ *James C. Larew*

James C. Larew
504 E. Bloomington St.
Iowa City, IA  52245
Telephone: (319) 337-7079
Facsimile: (319) 337-7082
E-Mail: james.larew@larewlawoffice.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie (*To Be Admitted PHV*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: aleslie@bursor.com

*Attorneys for Plaintiff*